UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SANDY DUBOIS, ET AL                    CIVIL ACTION NO. 14-CV-2396

VERSUS                                 JUDGE DOHERTY

CETCO ENERGY SERVICES, CO. LLC         MAGISTRATE JUDGE HANNA

### *Report and Recommendations*

Before the Court is the Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) by Defendant Richard Melancon. [Rec. Doc. 9].  The motion has been referred to the undersigned for Report and Recommendation.  It is opposed by the plaintiff, Sandy Dubois. [Rec. Doc. 18].  A Reply/Response memorandum was filed by Melancon. [Rec. Doc. 19-2].  Oral argument was heard on the motion by the undersigned on December 16, 2014.  After considering the filings and arguments of the parties, the applicable law, and for the reasons set out herein, it is recommended that the motion be GRANTED.

**Factual and Procedural Background:**

Dubois filed this suit bringing claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2, et seq., the Civil Rights Act of 1991, 42 U.S.C. §1981a, Louisiana's Employment Discrimination Law, La. R.S. 23:301 *et seq.*, and Louisiana tort claims including intentional infliction of emotional distress and battery. [Rec. Doc. 1, ¶¶ 15-18].  Named as defendants are her employers and/or their

parent companies Cetco Energy Services Company, LLC, Amcol International Corporation, Mineral Technologies, Inc., and Richard Melancon, alleged to be her supervisor/co-employee. Dubois alleged that in or about June, 2011 she was hired to work at CETCO Energy Services Company as an administrative assistant.  She alleged she was subjected to gender discrimination and sexual harassment by her co-employee/supervisor Melancon. [Rec. Doc. 1, ¶¶11-12, 15-18]. She alleged offensive comments by Melancon about her gender, weight, eating habits, and sexual history. She also described Melancon's habit of 'flipping her ponytail,' which she considered to be demeaning and humiliating.  Dubois alleged she complained about Melancon's actions to her employer's Human Resources representatives, who promised changes which did not occur.  In June, 2013, Dubois alleged she "was forced to leave her position because of the intimidating presence" of  Melancon in her work environment. [Rec. Doc. 1, ¶ 20].  In doing the acts she alleged, Dubois claims Melancon used the power and authority conferred upon him by the other named defendants. "As such, Melancon's conduct is incident to his agency with defendants, so as to be fairly attributable to their employers and the companies that control and supervise them, Cetco, Amcol, and Mineral Technologies."[Rec. Doc. 1, ¶ 22].

Dubois filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and she received a 'right to sue' letter from the agency.

[Rec. Doc. 1,¶¶ 24-25]. She alleged her suit was filed within 90 days of receipt of that letter, although no dates are referenced in the pleading. This suit was filed July 30, 2014. [Rec. Doc. 1].

On October 27, 2014, Melancon filed the motion now before the court. [Rec. Doc. 9]. He asserted that (1) he is not an 'employer' as the term is used in Title VII and the Louisiana Employment Discrimination Law provisions, and he is therefore not a proper party defendant under those laws; (2) because Plaintiff cannot maintain a Title VII claim against him, she cannot maintain a claim against him under §1981(a) for attorney fees, costs, or punitive damages; and (3) the remaining state law tort claims against Melancon are prescribed on the face of the Complaint.

### *Analysis and Discussion*

### I.    The Standard for Analyzing a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins*, 224 F.3d at 498. Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 U.S. at 570. "While a complaint... does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. Furthermore, "determining whether a complaint states a plausible claim for relief... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 S.Ct. at 1950.

The Fifth Circuit explained the *Twombly* "plausibility" standard of pleading applied to Fed. R. Civ. P. 8(a)(2) as follows:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008) quoting *Twombly*.  (Footnotes omitted).

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled.  Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Erickson v Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007).

**1.      Title VII and LEDL Claims:**

Title VII (42 U.S.C. §2000e) makes it unlawful for an employer to discriminate against an employee with respect to compensation, terms, conditions, or privileges of employment because of her race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2 (a). Title VII's anti-retaliation provision forbids discrimination against an employee or job applicant who, has "opposed any practice" made unlawful by Title

VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding

or investigation. 42 U.S.C. §2000e-3(a).

At §2000e (b), "employer" is defined:

**(b)** The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, ....

While Title VII defines the term employer to include "any agent" of an

employer, this circuit does not interpret the statute as imposing individual liability for

such a claim. *Pfau v. Reed,* 125 F.3d 927, 935-36(5th Cir. 1997).  The Fifth Circuit

has rejected a literal reading of the agent provision in Title VII, reasoning that the

purpose of the  provision was to incorporate *respondeat superior* liability into Title

VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 652-53(5th Cir. 1994).  The Fifth Circuit

has also repeatedly held, in spite of the agent provision in Title VII, that individuals,

in particular employees and supervisors, cannot be held liable under Title VII in

either their individual or official capacities. *Ackel v. Nat'l Communications*, Inc., 339

F.3d 376, 382 n. 1(5th Cir. 2003) (district court properly dismissed Title VII claims

against supervisor and employer's former president and general manager); *Smith v.*

*Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002) (district court properly dismissed

Title VII claims against plaintiff's supervisors, because plaintiff was precluded from

holding employees liable in their individual capacities and from asserting a Title VII

claim against both an employer and its agents in an official capacity); *Indest v.*

*Freeman Decorating, Inc.*, 164 F.3d 258, 260-62(5th Cir. 1999) (district court

properly dismissed Title VII claims against employee). *See also Franklin v. City of*

*Slidell*, 928 F. Supp. 2d 874, 881 (E.D. La. 2013). Thus, Melancon can have no

individual liability under Title VII, and the motion should be granted as to that claim.

The same is true relative to Louisiana's Employment Discrimination Law, La.

R.S. 23:301 *et seq*., which provides, at La. R.S. 23:303:

> A. A plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs.

At La. R.S. 23:302, the term "employer" is defined in pertinent part:

> (2) "Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. ...

The definition of "employer" in the LEDL focuses on the issue of which entity

pays the employee, not the issue of control. For purposes of employment

discrimination cases "employer" has been specifically defined, and to satisfy that definition one must (1) receive services from the employee and in return give compensation to that employee, and (2) meet the requisite number of employees prescribed by statute. *Johnson v. Hospital Corp. of America*, 767 F.Supp.2d 678, 693 (W.D. La. 2011); *Mbarika v. Board of Sup'rs of Louisiana State University*, 992 So.2d 551, 562, 2007-1136 (La.App. 1st Cir. 6/6/08), writ denied 992 So.2d 1019, 2008-1490 (La. 10/3/08) (Department chair at state university was not the "employer" of assistant professor within meaning of state anti-discrimination statute and therefore could not be held liable under that statute for alleged racial discrimination.).

Dubois has not alleged that Melancon paid her wages, and she has not alleged that he had any employees of any number.  As her supervisor, who is himself an employee of one or more of the other named defendants, Melancon does not fit the definition of "employer" set out in the LEDL, and, since the complaint does not allege that Melancon is either an employment agency or a labor organization, the pleadings do not establish that Melancon is a proper party defendant under the LEDL. He therefore cannot be liable under that statute, and the motion should be granted as to that claim.

**2.    The §1981(a) Claim:**

Dubois asserts that her action arises under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §2000e-2, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a. [Rec. Doc. 1, ¶ 2]. The Civil Rights Act of 1991, 42 U.S.C. §1981a, provides a prevailing plaintiff in an intentional employment discrimination case the ability to recover compensatory and punitive damages from the defendant. See 42 U.S.C. §1981a; *Huckabay v. Moore*, 142 F.3d 233, 241(5th Cir. 1998). It applies not only to actions brought under Title VII of the Civil Rights Act of 1964, but also to actions brought under the Americans with Disabilities Act and the Rehabilitation Act. See 42 U.S. C. §1981a (a)(2). This statute does not create a new substantive right or an independent cause of action; rather, it "enhances the remedies otherwise available for intentional employment discrimination." *Perry v. Dallas Indep. Sch. Dist.*, 1998 WL 614668, at *1 n.1(N.D.Tex. Sept.2, 1998); *see Huckabay* , 142 F.3d at 241. In short, "[t]here is no such thing" as a §1981a claim. *Perry*, 1998 WL 614668, at *1; *accord Gates v. City of Dallas*, 1998 WL 133004, at *7 (N.D.Tex. Mar. 18, 1998). As this provision merely provides remedies additional to those already available, it applies only if the plaintiff otherwise establishes intentional discrimination on the part of the employer under another substantive act. *Huckabay* , 142 F.3d at 241.

In this instance, because Plaintiff has no viable Title VII claim against Melancon, she likewise, has no right to relief from Melancon under §1981a, and those claims should be dismissed.

3.      **Timeliness Issues:**

Absent a federal claim against Melancon, and without a LEDL claim against

him, Dubois is left with state law tort claims against her former supervisor.  The

claims articulated against Melancon are negligent and intentional infliction of

emotional distress and battery based on actions by Melancon during the time Dubois

worked as an  administrative assistant in the Iberia Parish office of CETCO Energy

Services Company, from June, 2011 to June, 2013, when she left her employment

with the company. [Rec. Doc. ¶¶ 11, 20].  There are no allegations of any wrongful

action by any defendant beyond the employment termination date.  There is likewise

no dispute that Dubois' Complaint was filed in this court July 30, 2014, more than

one year after Dubois left her employment.

Melancon asserts that the state law tort claims against him are time-barred on

the face of the Complaint based on Louisiana's one year liberative prescription period

for delictual actions. The period commences to run from the day injury or damage is

sustained.   La. C.C. art. 3492. Based on Plaintiff's factual allegations in the

Complaint, the period would have commenced from the day she left her employment

with CETCO.  Since suit was not filed until July 30, 2014, on the face of the pleading

it was filed one month too late.

In response, Dubois argues that "[a]fter resigning Dubois sought amicable

resolution of her claim through the EEOC, which interrupted prescription of her

claims." [Rec. Doc. 18, p. 5] While that argument may be availing relative to

Plaintiff's Title VII claims, or even the claims brought against other defendants under

the LEDL[1], it does not serve Dubois relative to the tort claims against Melancon,

since administrative claims filed with the EEOC do not interrupt prescription on state

law claims. *Drury v. U.S. Army Corps of Engineers*, 359 F.3d 366, 368(5th Cir. 2004)

(citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 618-19(5th Cir. 1985); *Fussell v.

Bellsouth Communications, Inc.*, 1998 WL 12229 at *2 (E.D.La. Jan. 8, 1998)("[t]he

Fifth Circuit has clearly stated that the filing of an EEOC charge does not toll,

interrupt or suspend prescription with regard to a plaintiff's state law claims."); *Roth

v. N.J. Malin & Assoc.*, 1998 WL 898367 at *5 (E.D.La. Dec. 21, 1998) ("[t]he case

law ... has consistently held that the filing of an EEOC charge does not toll, interrupt,

---

[1]See La. Rev. Stat. Ann. 23:303(D). Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

or suspend prescription with regard to a plaintiff's state law claims.") (internal

quotations omitted); *Brouillette v. Transamerican Refining Corp.*, 1995 WL 683869

at *4 (E.D.La. Nov. 11, 1995) ("[p]laintiff's federal and state law claims are not

embodied in the same legislative scheme ... .  Consequently, plaintiff's filing of

administrative proceedings did not operate to toll or suspend the prescriptive period

on plaintiff's state law claims.").  See also *Rivera v. State of Louisiana*, 2006 WL

901826, at *6 (E.D. La. Mar. 31, 2006).

**4. Amending the Complaint would be futile.**

Dubois makes the final argument that she should be allowed the opportunity

to amend her Complaint to state an alleged conspiracy among the named defendants,

but, for the reasons set out above such an amendment would be futile as to Melancon,

against whom there is no viable independent cause of action.  The Fifth Circuit has

joined sister circuits that have interpreted "futility" to mean that the amended

complaint would fail to state a claim upon which relief could be granted. *Stripling v.*

*Jordan Production Co., LLC*, 234 F.3d 863, 873(5th Cir. 2000).  Even applying Rule

15(c) 'relation back' principles, the addition of a new tort claim against Melancon

would not benefit the plaintiff, since the timeliness defect could not be cured by such

an amendment.  Dubois has offered no authority to the contrary.  Thus, allowing

amendment against Melancon would be futile, and the court in the exercise of its

discretion need not grant leave to amend on that basis. See *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771(5th Cir. 1999).

### *Recommendations*

For the foregoing reasons, and based on the record, the applicable law, and the arguments and concessions of the parties, it is the recommendation of the undersigned that the Motion to Dismiss [Rec. Doc. 9] be GRANTED, and that the claims of the plaintiff against the defendant Richard Melancon be DISMISSED, with prejudice, leaving for trial Plaintiff's claims against other defendants.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon

grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 23rd day of December, 2014.


_____
Patrick J. Hanna
United States Magistrate Judge


COPY SENT:

DATE:   __12/23/2014__
BY: _____EFA_____
TO: _____RFD_____
               cg